[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this custody proceedings, the plaintiff, Laura Mozroll, moves to dismiss the motions of the paternal grandmother, Eileen Gallup, to intervene and modify the judgment in this case to allow the grandmother visitation with the plaintiff's two minor children. On July 24, 2000, the court held a hearing on this motion to dismiss.
A review of the file discloses that, on May 15, 1992, the plaintiff commenced this action seeking custody of her children whose father is the defendant, Rolf Boman. The plaintiff and defendant never intermarried. On September 28, 1992, a judgment decreed that the mother have sole custody of the children and that the father have reasonable visitation. Since the filing of this action, the parents of the children have returned to court or before a family support magistrate scores of times. Each year since the judgment has been replete with the filings of motions for contempt, modification, and arrearage findings.
Many hearings and orders have issued. The father has been incarcerated on multiple occasions, including most of 1997, by way of civil contempt and capias writs. An appeal from a family support magistrate decision was taken and decided by this court. As recently as April 2000, the mother moved to terminate the father's visitation. On May 11, 2000, the paternal grandmother filed a motion to intervene and a motion to open the judgment to grant her visitation.
The gravamen of the mother's motion to dismiss is that, under the Connecticut case of Castagno v. Wholean, 239 Conn. 336 (1996), and the United States Supreme Court case of Troxel v. Granville, 530 U.S. ___ (2000), this court lacks subject matter jurisdiction to permit the paternal grandmother to intervene. The court disagrees.
General Statutes § 46b-57 permits interested third parties, such as a grandparent, to intervene in a pending "controversy" before the Superior Court on the issue of custody of minor children. General CT Page 9468 Statutes § 46b-56 (a) expressly confers upon the court the authority to grant visitation to an intervening grandparent in such a case.
The cases of Castagno v. Wholean, supra, and Troxel v. Granville,
supra, are readily distinguishable from the present matter. In Castagnov. Wholean, supra, our Supreme Court addressed the jurisdictional requirement of G.S. § 46b-59, not those of §§ 46b-56 and 46b-57. Section 46b-59 sets forth a procedure whereby a nonparent initiates an independent proceeding to acquire visitation. The court held that such an independent action could not be brought where the children's parents were not involved in a dispute regarding the care and custody of the children and enjoyed an "intact family unit," Id., 337. To allow such actions would create a legally impermissible intrusion "upon an intact family that has not already opened itself to such intrusion through the type of disruption contemplated by General Statutes §§ 46b-56 and 46b-57," Id., 345.
In the present case, the parents of the children have already opened themselves and their offspring to such intrusion in the form of a custody proceeding. Even though the judgment is around ten years old, the file has remained very active post judgment, and the issue of visitation by the father is still being litigated. In no way can these parents and children be characterized as an "intact family unit." The fractious relationship between the parents has persisted for a decade. The holding of Castagnov. Wholean, supra, bearing on the initiation of an independent visitation proceeding under § 46b-59 is inapplicable to the grandmother's motion to intervene, under §§ 46b-56 and 46b-57, in an ongoing dispute.
Troxel v. Granville, supra, is also inapposite. That case turned on the application by a trial court of an erroneous and unconstitutional presumption that it is in a grandchild's best interest to visit with a grandparent, Id. The Troxel decision explicitly avoided addressing the issue of a trial court's power to hear and decide such cases but rather focused on the merits of allowing the grandparents visitation by way of an independent action. As the U.S. Supreme Court stated at p. , "[t]he problem here is not that the Washington Superior Court intervened, but that when it did so, it gave rio special weight at all to the [the mother's] determination of her daughter's best interests. More importantly, it appears that the Superior Court applied exactly the opposite presumption."
Given the active nature of a preexisting custody proceeding instituted by the mother of the children and the absence of an intact family unit, the court has subject matter jurisdiction and the power to hear and decide the grandmother's motion to intervene. The motion to dismiss is denied. CT Page 9469
Sferrazza, J.